### LYDIA M. RAND vs. INHABITANTS OF NEWTON.

On a trial of a petition for the assessment of damages for land taken for a public way, the opinion of witnesses as to the value of land must be confined to the land in controversy. The extent to which a cross-examination shall extend, where no competent evidence is excluded, must be left to the discretion of the judge or officer presiding at the trial.

PETITION for a jury to assess the damages sustained by the petitioner by reason of taking his land for a public way. A warrant was duly issued and the case was tried, and the sheriff, at the request of the respondents, reported that it appeared that there was a private way, twenty-one feet wide, over the petitioner's land, which was laid out as a public way, and land taken sufficient to make it thirty-five feet wide. The respondents contended that the benefit to the petitioner's other land lessened the damages to be awarded, and asked a witness called by her as an expert, in cross-examination, how much more, if anything, an estate would be worth in the vicinity of her estate, if situated on a street thirty-five feet wide, than it would on a street twenty-one feet wide. This question was objected to and excluded, on the ground that it did not relate particularly to the petitioner's estate, or one like it. The jury returned a verdict assessing damages, which, on motion of the respondents, was set aside in the superior court, by *Russell*, J., and the petitioner alleged exceptions.

*J. Rutter*, for the petitioner.

*I. S. Morse*, for the respondents.

HOAR, J. The opinion of witnesses as to the value of land must be confined to the land in controversy. *Wyman* v. *Lexington & West Cambridge Railroad*, 13 Met. 316. The question which the sheriff excluded would have been admissible, if it had been asked with reference to the land of the petitioner only. *Shaw* v. *Charlestown*, 2 Gray, 107. As it applied to land in the vicinity, the answer would not have been competent evidence.

The question being asked on cross-examination, if it might have been allowed for the mere purpose of testing the witness,

yet its rejection is not a subject of exception ; because the extent to which a cross-examination shall extend, where no competent evidence is excluded, must be left to the discretion of the judge or officer presiding at the trial.   The verdict should therefore have been accepted.                     *Exceptions sustained.*